IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD DAVIS, | Civil Action |
| Plaintiff, | No. 3:23-CV-40 |
| v. | |
| NATIONAL HME, | |
| Defendant. | JURY TRIAL DEMANDED |

**CIVIL COMPLAINT**

Plaintiff, by undersigned counsel files this Civil Complaint and alleges the following:

**I. Jurisdiction**

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Americans with Disabilities Act in that:

   a. Plaintiff filed a timely written charge of disability discrimination with the Equal Opportunity Employment Commission ("EEOC") on July 19, 2022. The Charge was also cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated February 13, 2023; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

**II. The Parties**

3. Plaintiff, Donald Davis, is an adult individual who resides at 104 4th Street, Altoona, Blair County, Pennsylvania 16602.

4. Defendant National HME is a corporation with a place of business at 357 Industrial Park Road, Ebensburg, Cambria County, Pennsylvania 15931.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

### III. Factual Background

6. Davis was employed by Defendant as a Technician Driver since March 1, 2022.

7. During his employment with Defendant, Davis suffered two work related injuries.

8. The first injury occurred in April, 2022 when Davis injured his lower back lifting a life chair.

9. Davis was treated for this injury and was back to work shortly and able to complete his tasks.

10. The second work related injury occurred on June 3, 2022 and Davis injured his left shoulder lifting a lift chair.

11. Davis submitted a workers' compensation claim because of this injury.

12. As a result of the injury, Davis has difficulty using his left shoulder and arm.

13. Following this injury, Davis' doctor advised of certain work restrictions and that he should only work light duty.

14. Davis informed his boss of his restrictions, but Defendant did not offer him any work or positions with light duty.

15. On June 9, 2022, Defendant terminated Davis for allegedly not being able to perform his job duties and because his performance was not holding up to his evaluation.

16. When Davis tried to contact Human Resources to discuss this decision with them, they argued with Davis and only reiterated that he was not able to perform the physical job duties despite the fact he could perform them within his doctor's restrictions.

## Count I:
## Americans with Disabilities Act: Discrimination and Failure to Accommodate

17. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16 as if fully restated herein.

18. As described above, Davis is disabled within the meaning of the ADA, because he is substantially limited in performing the major life activities; Defendant perceived him as having such impairment; and he has a record of such impairment.

19. Plaintiff was qualified for the Technician Driver position and could perform all essential functions of the position with or without reasonable accommodations. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. § 12111(8).

20. Defendant discharged Davis because of his disabilities, in violation of 42 U.S.C. § 12112(a).

21. Defendant also refused to make reasonable accommodations for Davis' known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B).

22. Defendant's violation of the Americans with Disabilities Act was intentional and done with reckless disregard of Davis' federally protected right to be free of discrimination on the basis of his disabilities.

23. As a direct and proximate result of Defendant's discharge of Davis as well as Defendant's failure to accommodate his disabilities, Davis has suffered and continues to suffer damages, including, but not limited to:

   a. Lost wages and benefits;

      b.      Emotional distress, anxiety, humiliation and inconvenience;

      c.      Costs and expenses of litigation; and

      d.      Attorney's fees.

WHEREFORE, Davis demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

      a.      That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

      b.      Back pay and benefits from June 9, 2022, until the time of trial, with interest;

      c.      That Defendant be ordered to reinstate Plaintiff into the position he held on June 9, 2022, and provide him with accumulated seniority, fringe benefits, and all other associated rights or front pay;

      d.      Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

      e.      Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

      f.      Reasonable attorney's fees and costs and expenses of litigation; and

      g.      Such other legal and equitable relief as the Court deems just and proper.

## Count II:
## Americans with Disabilities Act: Retaliation

24.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 23 as if fully restated herein.

25.    As described above, Plaintiff is disabled within the meaning of the ADA; Defendant perceived him as having such an impairment; and he has a record of such an impairment.

26.    Defendant discharged Davis in retaliation for requesting a reasonable

accommodation under the ADA in violation of 42 U.S.C. § 12203(a).

27. Defendant's discharge of Davis was undertaken with malice or reckless indifference to his federally protected right not to be retaliated against for requesting a reasonable accommodation.

28. As a direct and proximate result of Defendant's discharge Davis has suffered and continues to suffer damages, including, but not limited to:

  a. Lost wages and benefits;

  b. Emotional distress, anxiety, humiliation and inconvenience;

  c. Costs and expenses of litigation; and

  d. Attorney's fees.

WHEREFORE, Davis demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

  a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

  b. Back pay and benefits from June 9, 2022, until the time of trial, with interest;

  c. That Defendant be ordered to reinstate Plaintiff into the position he held on June 9, 2022, and provide him with accumulated seniority, fringe benefits, and all other associated rights or front pay;

  d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

  e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

  f. Reasonable attorney's fees and costs and expenses of litigation; and

  g. Such other legal and equitable relief as the Court deems just and proper.

### Count III
### Wrongful Discharge

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as if fully restated herein.

30. Defendant fired Davis in retaliation for his exercise of his right to apply for and receive workers' compensation benefits related to his work injury.

31. Defendant's discharge of Davis offends the public policy of the Commonwealth of Pennsylvania embodied in the Workmen's Compensation Statute, 77 Pa. Cons. Stat. Ann. §1 *et. seq.*

32. Defendant's actions were intentional and taken with reckless indifference to Davis' common law right to be free from retaliation for attempting to secure worker's compensation benefits.

33. As a direct and proximate result of Defendant's intentional and reckless conduct, Davis has sustained the following injuries, some or all of which may be ongoing or permanent:

    a. Lost wages and benefits; and

    b. Emotional distress, anxiety, humiliation and inconvenience.

WHEREFORE, Davis demands judgment against Defendant for actual, compensatory, and punitive damages, as well as such other legal and/or equitable relief as the Court deems to be just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ *John E. Black, III*
John E. Black, III
Pa. I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff
