IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:23-40 ) Judge Stephanie L. Haines |
| NATIONAL HME, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The Court now entertains the Second Motion to Dismiss in this case. Plaintiff Donald Davis ("Davis") filed a three-count Complaint (ECF No. 1) and later an Amended Complaint (ECF No. 13) against defendant National HME ("NHME") alleging violations of the Americans with Disabilities Act ("ADA") and alleging wrongful discharge. NHME moved to dismiss (ECF No. 14) seeking dismissal of Davis' Amended Complaint (ECF No. 13). The Court issued a Memorandum Opinion finding that Davis sufficiently pleaded Counts II and III (ADA – Retaliation and Wrongful Discharge, respectively). At the same time, the Court found that Count I (ADA – Discrimination and Failure to Accommodate) was insufficiently pled and Count I was dismissed without prejudice allowing Davis to amend his Amended \Complaint to cure the deficiencies (ECF Nos. 21, 22).

On December 12, 2023, Davis filed a four-count Second Amended Complaint (ECF No. 23) against defendant NHME alleging the same ADA violations at Counts I and II, the wrongful discharge claim at Count III, and added a Pennsylvania Human Relations Act ("PHRA") violation at Count IV. Davis provided further facts and allegations in the Second Amended Complaint. On January 9, 2024, NHME filed a Motion to Dismiss Count I (ADA Discrimination and Failure to

Accommodate) of the Second Amended Complaint (ECF No. 31) and a supporting Brief (ECF No. 13). Davis filed a Brief in Opposition (ECF No. 35). NHME filed a Reply Brief (ECF No. 39). For the reasons below, the Motion to Dismiss Count I of the Second Amended Complaint will be denied.

## I. Factual Background[1]

As stated above, the Court previously opined on a Motion to Dismiss Davis' Amended Complaint. Much of the factual scenario remains the same. Davis began working for NHME as a Technician Driver on March 1, 2022. ECF No. 23, § 6. During his tenure, Davis' duties often required lifting heavy equipment and included delivering, setting up, and servicing equipment. *Id.* § 8. NHME would provide "helpers" to assist Driver Technicians when deliveries required heavy home health equipment. *Id.* § 9. While employed at NHME, Davis suffered two work-related injuries. *Id.* § 12. On April 26, 2022, Davis suffered an injury to his lower back trying to remove a lift chair from his truck to transfer into a facility, *id.* § 13, and on June 2, 2022, Davis suffered an injury to his left shoulder trying to maneuver pieces of a lift chair over a fence. *Id.* §§ 23, 26-27. On both occasions Davis requested a helper for the heavy lifting, but in neither case was one provided. *Id.* §§ 14-15, 24-25.

Davis submitted a workers' compensation notice of injury with respect to his back and was directed to see his own doctor. *Id.* §§ 16-17. Davis returned to work shortly after receiving treatment for his back injury despite allegedly continuing to experience substantial limitations from the injury. *Id.* § 19-20. Similarly, Davis submitted a workers' compensation claim after his shoulder injury and was directed to seek medical treatment with a workers' compensation panel physician who restricted Davis to engage in only light-duty, right-handed work. *Id.* §§ 28-30.

---

[1] The facts derive from Davis' Second Amended Complaint and for assessing NHME's Motion to Dismiss are accepted as true.

Davis notified his supervisor, David Vento, of these restrictions and was informed "that both arms were required for the job . . . and [that] no accommodating work was available." *Id.* §§ 31-32. He was further instructed not to return to work until all restrictions on the use of his left arm were lifted. *Id.* § 39. On June 7, 2022, Davis again submitted notice of his work restrictions and was terminated the next day, June 8, 2022. *Id.* §§ 40-42. Mr. Vento terminated Davis without engaging in an interactive process required by the ADA. *Id.* §§ 39, 43.

Davis asserts that instead of being summarily fired he could have been accommodated in several ways including being assigned a helper for lifting, being assigned available work in the warehouse that would suit his restrictions, being assigned driving and servicing only jobs, or he could have even been offered an unpaid leave of absence. *Id.* §§ 35-38, 44. NHME's human resources representative stated the reason for termination was Davis' inability to perform the physical aspects of the job but did not say that his firing was related to work performance. *Id.* § 51.

Davis filed a charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 19, 2022. *Id.* § 2(a). NHME justified its actions to the EEOC explaining that it had communicated a willingness to accommodate Davis, *id.* § 58, but terminated him because he failed to adhere to proper lifting techniques, failed to respond to coaching, failed to successfully complete probation, and failed to provide the required medical documentation extending his time off work. *Id.* § 52. Davis denies any of NHME's accusations of his poor work performance. Davis received a Notice of Right to Sue from the EEOC dated February 13, 2023, *id.* § 2(b), and filed suit on March 7, 2023, within 90 days of receiving the Notice of Right to Sue. *Id.* § 2(c).

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not opining on whether the plaintiff will likely prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-236 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the Court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss under Rule 12(b)(6), the court must generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). A court may take judicial notice of documents filed in other court proceedings because they are matters of public record. *See Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013).

**III.  Discussion**

As stated above, NHME's Motion to Dismiss only concerns Count I of the Second Amended Complaint. Count I of the Second Amended Complaint contends that Davis is disabled within the meaning of the ADA and that NHME discriminated against him because of his disability and failed to accommodate him. Davis states that he has a qualified disability, has a record of his impairments that was provided to NHME, and that NHME perceived him as having an impairment. ECF No. 23, §§ 63-64. Davis also states that he was qualified for the position of Technician Driver

5

and could perform all the essential functions of the position with or without reasonable accommodation. *Id.* § 65. Davis claims that NHME violated the ADA when it failed to accommodate Davis' disabilities and discharged him because of his disabilities, *id.* §§ 66-68, and he has suffered damages as a result. *Id.* § 69.

NHME counters that Davis' renewed discrimination and failure to accommodate claims remain incurably deficient and that the Second Amended Complaint again fails to plead sufficient facts to make a plausible claim as to Count I. ECF No. 32, p. 1. The Court's Memorandum Opinion (ECF No. 21) found that Davis failed to prove certain elements of his ADA claim of discrimination and failure to accommodate. It stated, "[T]he purpose of the ADA is 'to provide civil rights protections for persons with disabilities'...." *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 606 (3d Cir. 1998) (citing H.R. Rep. No. 101-485, pt. 3, at 48 (1990)). Therefore, under the ADA, covered entities are prohibited from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, the advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112 (a). "To state a claim under the ADA, a plaintiff must demonstrate that: '(1) [s/]he is a disabled person within the meaning of the ADA;[2] (2) [s/]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s/]he has suffered an otherwise adverse employment decision as a result of discrimination.'" *Eshelman*

---

[2] An individual is disabled under the ADA if he or she has: "(A) a physical or mental impairment that substantially limits one or more major life activities[;]... (B) a record of such an impairment; *or* (C) ... [is] regarded as having such an impairment." 42 U.S.C. § 12102(1) (emphasis added). If a person falls into any of these categories, the ADA protects them. The Court found that Davis satisfied (A), and therefore, he established he was a disabled individual under the ADA. Both Parties spend a considerable amount of time arguing prongs (B) and (C) in the current pleadings, whether there was a record of or whether Davis was regarded as having an impairment, but these arguments are unnecessary as the Court already determined that Davis satisfied section (A) under 42 U.S.C. § 12102(1).

*v. Patrick Indus., Inc.,* 961 F.3d 242, 245 (3d Cir. 2020). More specifically, the Court determined that Davis established that he was a disabled person within the meaning of the ADA, and he had suffered an adverse employment decision. That said, he did not adduce facts to sufficiently plead that he was qualified to perform essential functions of the job with or without reasonable accommodations. Thus, his claim for discrimination was dismissed.

As to the failure to accommodate claim, "A plaintiff bringing an ADA failure-to-accommodate claim must establish: (1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated" but for the employer's lack of good faith. *Capps v. Mondelez Glob., LLC,* 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.,* 438 F.3d 240, 246 (3d Cir. 2006)); *see also Colwell v. Rite Aid Corp.,* 602 F.3d 495, 504 (3d Cir. 2010). The Court found that Davis satisfied all elements, except that he failed to plead sufficient facts that he could be accommodated but for NHME's lack of good faith.

In both instances, the discrimination claim, and the accommodation claim, Davis failed to provide facts to support that he could be accommodated in his work such that he could perform the essential functions of the job. As such the Court will concentrate its focus on the discrete issues of whether Davis successfully pleaded facts to support that despite his disability, he was otherwise qualified to perform the duties of his job with or without accommodation (discrimination claim) and that he, in fact, could be accommodated (failure to accommodate).

7

### A. Discrimination Claim Under the ADA

As stated above, a necessary element of a discrimination claim under the ADA is that Davis plead sufficient facts to support that he was able to perform the essential functions of his job with or without accommodation. NHME asserts that Davis has again failed to do so in his Second Amended Complaint. NHME provides that the inquiry into whether an individual is qualified requires an analysis of two prongs: (1) "whether the individual satisfies the requisite skill, experience, education, and other job-related requirements of the employment position that such individual holds or desires" and (2) "whether the individual, with or without reasonable accommodation, can perform the essential functions of the position held or sought." *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 145 (3d Cir. 1998) (ECF No. 32, p. 10). It is undisputed that Davis possessed the requisite skill and experience to satisfy the position of Technician Driver; he was hired for that position and had been successfully performing it prior to his injuries. As to the second prong, NHME argues that Davis does not identify ways he could have performed the essential functions of his job with or without an accommodation. ECF No. 32, p. 11. NHME further asserts that heavy lifting was an essential function of the job and that a helper could not be considered an accommodation. ECF No. 32, p. 12. The Court finds neither argument persuasive.

Davis, in his Second Amended Complaint, provides several ways that NHME could have accommodated him in his current position and in other roles at the company. Davis asserts that he could have been accommodated in several ways including being assigned a helper for lifting, being assigned available work in the warehouse that would suit his restrictions, being assigned driving and servicing only jobs, or he could have even been offered an unpaid leave of absence. ECF No. 23 §§ 35-38, 44. It is the Court's understanding that a helper could be requested if needed, but having one assigned for the duration of an injury could be considered an accommodation. As to

whether heavy lifting is an essential part of the job, the Court again agrees with Davis that a fact-finder is best suited to determine whether heavy lifting was an essential function of a Technician Driver and as such it will not dismiss this claim on a motion to dismiss. ECF No. 35, p. 10. The Court finds that Davis has sufficiently plead facts to support that he could perform the essential functions of his job with or without accommodation. As such his ADA discrimination claim will not be dismissed.

### B. Failure to Accommodate Under the ADA

As to NHME's alleged failure to accommodate under the ADA, the issue under review is whether Davis could have been reasonably accommodated but for the employer's lack of good faith. The Court determined that NHME did not act in good faith because it informed Davis that two arms were required to work, no accommodating work was available, Davis could not return to work until all medical restrictions were lifted, and thereafter terminated his employment. ECF No. 21, p. 14. NHME never made a good faith effort to help Davis find accommodating work.

Having found that NHME did not act in good faith, the analysis of whether Davis could have been reasonably accommodated is identical to the analysis the Court provided above. In the Second Amended Complaint, Davis sufficiently pled multiple ways that he could have been accommodated in the performance of his job, including lifting assistance and being assigned to repair only work. He also offered being assigned a warehouse job or being offered unpaid leave instead of termination. Davis has presented a plausible Failure to Accommodate under the ADA claim and this claim will not be dismissed.

## IV. Conclusion

For the reasons stated above, NHME's Motion to Dismiss Count I (ECF No. 31) of the Second Amended Complaint (ECF No. 23) will be DENIED. The case will proceed as to the four counts asserted against NHME, Discrimination and Failure to Accommodate (Count I), Retaliation (Count II), Wrongful Discharge (Count III), and PHRA (Count IV).

An appropriate Order will be entered.

Dated: March 21, 2024

_____
Stephanie L. Haines
United States District Court Judge